**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-02722-DDD-KLM

BOXER F2, L.P., a Texas limited partnership,

   Plaintiff,

v.

WILLIAM BRONCHICK, individually;
CAROLINE BRONCHICK, individually;
BRONCHICK & ASSOCIATES, P.C., a Colorado professional corporation;
BRONCHICK CONSULTING GROUP, LLC, a Colorado limited liability company; and
HASAKI PROPERTY HOLDINGS, LLC, a Delaware limited liability company.

   Defendants.

---

## ANSWER

---

  Defendants William Bronchick, Caroline Bronchick, Bronchick & Associates, P.C., Bronchick Consulting Group, LLC, and Hasaki Property Holdings, LLC (collectively, "Defendants"), through their counsel, S&D Law, hereby submit their Answer to the Complaint of Plaintiff Boxer F2, L.P. dated September 8, 2020 as follows:

### ANSWER

### I.  PRELIMINARY ALLEGATIONS

#### A. Parties

1.  Defendants admit the allegations contained in paragraph 1 of the Complaint.

2.  Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.  Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in paragraph 4 of the Complaint.

5.      With respect to the allegations contained in paragraph 4 of the Complaint, Defendants admit that Defendant Bronchick Consulting Group, LLC is a Colorado limited liability company.  Defendants deny that Defendant Bronchick Consulting Group, LLC is located at 3038 South Parker Road, Suite 360, Aurora, Colorado 80014.

6.      Defendants admit the allegations contained in paragraph 6 of the Complaint.

**B.      Jurisdiction**

7.      Defendants admit that jurisdiction is properly before this Court.

**C.      Civil Action No. 14-cv-00317-PAB-NRN, *Boxer F2, L.P., a Texas limited partnership v. Flamingo West Ltd., et al.***

8.      Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.      With respect to the allegations contained in paragraph 9 of the Complaint, Defendants admit that United States District Judge Philip A. Brimer entered judgment in the amount of $720,130.37 against William Bronchick by order dated August 8, 2016. Defendants further admit that post-judgment interest accrues at the rate of 0.52 percent.  Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

10.     Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.     Defendants admit the allegations contained in paragraph 11 of the Complaint.

12.     Defendants admit the allegations contained in paragraph 12 of the Complaint.

13.     Defendants admit the allegations contained in paragraph 13 of the Complaint.

14.     Defendants admit the allegations contained in paragraph 14 of the Complaint.

15.     With respect to the allegations contained in paragraph 15 of the Complaint, Defendants, Defendants state that the content of bronchicklaw.com speaks for itself, and deny Plaintiff's characterizations of the website and all allegations contrary to its content.

16.     With respect to the allegations contained in paragraph 16 of the Complaint, Defendants, Defendants state that the content of bronchicklaw.com speaks for itself, and deny Plaintiff's characterizations of the website and all allegations contrary to its content.

17.     With respect to the allegations contained in paragraph 16 of the Complaint, Defendants, Defendants state that the content of amazon.com speaks for itself, and deny Plaintiff's characterizations of the website and all allegations contrary to its content.

18.     Defendants admit the allegations contained in paragraph 18 of the Complaint.

19.     Defendants admit the allegations contained in paragraph 19 of the Complaint.

20.     With respect to the allegations contained in paragraph 20 of the Complaint, Defendants admit that CAREI was a trade name registered to the Denver Real Estate Club, LLC. Defendants deny the remaining allegations contained in paragraph 20 of the Complaint.

21.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 21 of the Complaint and, as a result, deny the same.

### D.     Hasaki Property Holdings, LLC ("Hasaki")

22.     Defendants admit the allegations contained in paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in paragraph 23 of the Complaint.

24.     Defendants admit the allegations contained in paragraph 24 of the Complaint.

25.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 25 of the Complaint and, as a result, deny the same.

26.     Defendants admit the allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 28(a) of the Complaint quoting alleged deposition testimony and, as a result, deny the same.  Defendants deny the allegations contained in paragraphs 28(b) and (c) of the Complaint.

29.     Defendants admit the allegations contained in paragraph 29 of the Complaint.

30.     With respect to the allegations contained in paragraph 30 of the Complaint, Defendants, Defendants state that the Hasaki Operating Agreement speaks for itself, and deny Plaintiff's characterizations of the Operating Agreement and all allegations contrary to its content.

31.     With respect to the allegations contained in paragraph 31 of the Complaint, Defendants, Defendants state that the Hasaki Operating Agreement speaks for itself, and deny Plaintiff's characterizations of the Operating Agreement and all allegations contrary to its content.

32.     With respect to the allegations contained in paragraph 32 of the Complaint, Defendants, Defendants state that the Hasaki Organizational Minutes speak for themselves, and deny Plaintiff's characterizations of the Hasaki Organizational Minutes and all allegations contrary to their content.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     With respect to the allegations contained in paragraph 36 of the Complaint, Defendants, Defendants state that the June 17, 2016 Order speaks for itself, and deny Plaintiff's

characterizations of the June 17, 2016 Order and all allegations contrary to its content. Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     With respect to the allegations contained in paragraph 38 of the Complaint, Defendants admit that Plaintiff sent one written Notice of Default and Demand for Payment to Flamingo West Limited Corporation, the content of which speaks for itself. Defendants deny the remaining allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 43 of the Complaint quoting alleged deposition testimony and, as a result, deny the same. Defendants deny the remaining allegations contained in paragraph 43 of the Complaint.

## E.     Bronchick Consulting Group, LLC ("BCG")

44.     Defendants admit the allegations contained in paragraph 44 of the Complaint.

45.     Defendants admit the allegations contained in paragraph 45 of the Complaint.

46.     Defendants admit the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants admit the allegations contained in paragraph 50 of the Complaint.

51.     Defendants admit the allegations contained in paragraph 51 of the Complaint.

52.     Defendants admit the allegations contained in paragraph 52 of the Complaint.

53.     Defendants admit the allegations contained in paragraph 53 of the Complaint.

54.     Defendants admit the allegations contained in paragraph 54 of the Complaint.

### F.      Bronchick & Associates, P.C. ("B&A")

55.     Defendants admit the allegations contained in paragraph 55 of the Complaint.

56.     Defendants admit the allegations contained in paragraph 56 of the Complaint.

57.     Defendants admit the allegations contained in paragraph 57 of the Complaint.

58.     Defendants admit the allegations contained in paragraph 58 of the Complaint.

59.     Defendants admit the allegations contained in paragraph 59 of the Complaint.

60.     Defendants admit the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants admit the allegations contained in paragraph 64 of the Complaint.

### G.      Hasaki made payments directly for the benefit of William Bronchick

65.     Defendants admit the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     With respect to the allegations contained in paragraph 67 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself and deny Plaintiff's

characterizations of the Hasaki General Ledger and all allegations contrary to its content. Defendants deny the remaining allegations contained in paragraph 67 of the Complaint.

68. With respect to the allegations contained in paragraph 68 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

69. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 69 of the Complaint summarizing alleged deposition testimony and, as a result, deny the same.

70. With respect to the allegations contained in paragraph 70 of the Complaint, Defendants admit that Hasaki was not a party to the Underlying Lawsuit. Defendants deny the remaining allegations contained in paragraph 70 of the Complaint.

71. With respect to the allegations contained in paragraph 71 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content. Defendants deny the remaining allegations contained in paragraph 71 of the Complaint.

72. With respect to the allegations contained in paragraph 72 of the Complaint, Defendants admit that William Bronchick appealed the Underlying Lawsuit. Defendants deny the remaining allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

**H.**     **Line of Credit Agreement between Hasaki and B&A**

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants admit the allegations contained in paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     With respect to the allegations contained in paragraph 77 of the Complaint, Defendants state that the Hasaki/B&A LOC speaks for itself and deny Plaintiff's characterizations of the Hasaki/B&A LOC and all allegations contrary to its content.

78.     With respect to the allegations contained in paragraph 78 of the Complaint, Defendants state that the Hasaki/B&A LOC speaks for itself and deny Plaintiff's characterizations of the Hasaki/B&A LOC and all allegations contrary to its content.

79.     Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     Defendants admit the allegations contained in paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

## I.     Line of Credit Agreement between Hasaki and BCG

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     Defendants admit the allegations contained in paragraph 83 of the Complaint,

84.     Defendants admit the allegations contained in paragraph 84 of the Complaint.

85.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 85(a) of the Complaint and, as a result, deny the same.   Defendants deny the allegations contained in paragraphs 85(b) of the Complaint. Defendants admit the allegations contained in paragraph 85(c) of the Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Defendants admit the allegations contained in paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Defendants admit the allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 95 of the Complaint quoting alleged deposition testimony and, as a result, deny the same.

### J.      General Ledgers

96.     Defendants admit the allegations contained in paragraph 96 of the Complaint.

97.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 97 of the Complaint summarizing alleged deposition testimony and, as a result, deny the same.

98.     Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Defendants admit the allegations contained in paragraph 101 of the Complaint.

102.    Defendants admit the allegations contained in paragraph 102 of the Complaint.

### K.      Payments reflected on the Hasaki G: And B&A General Ledger

103.    With respect to the allegations contained in paragraph 103 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

104.     With respect to the allegations contained in paragraph 104 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

105.     With respect to the allegations contained in paragraph 105(a)-(g) of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

<u>The $50,000 Payment</u>

106.     With respect to the allegations contained in paragraph 106 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

107.     With respect to the allegations contained in paragraph 107 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

108.     With respect to the allegations contained in paragraph 108 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

109.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 109 of the Complaint quoting alleged deposition testimony and, as a result, deny the same.

110.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 110 of the Complaint quoting alleged deposition testimony and, as a result, deny the same.

111.   With respect to the allegations contained in paragraph 111 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

112.   Defendants deny the allegations contained in paragraphs 112(a)-(e).

The $20,000 Payment

113.   With respect to the allegations contained in paragraph 113 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

114.   With respect to the allegations contained in paragraph 114 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

115.   With respect to the allegations contained in paragraph 115 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

116.   Defendants admit the allegations contained in paragraph 116 of the Complaint.

117.   Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 117 of the Complaint quoting alleged deposition testimony and, as a result, deny the same.

118.   Defendants admit the allegations contained in paragraph 118 of the Complaint.

119.   Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.   Defendants admit the allegations contained in paragraph 120 of the Complaint.

121.   Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in paragraph 123 of the Complaint.

124.    Defendants deny the allegations contained in paragraph 124 of the Complaint.

The $11,000.00 Payment

125.    With respect to the allegations contained in paragraph 125 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

126.    With respect to the allegations contained in paragraph 126 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

127.    With respect to the allegations contained in paragraph 127 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

128.    Defendants deny the allegations contained in paragraph 128 of the Complaint.

The $5,000.00 Payment

129.    With respect to the allegations contained in paragraph 129 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

130.    With respect to the allegations contained in paragraph 130 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

131.    With respect to the allegations contained in paragraph 131 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

132.    With respect to the allegations contained in paragraph 132 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

133.    Defendants deny the allegations contained in paragraphs 133(a)-(c) of the Complaint.

<u>The $5,000.00 Payment # 2</u>

134.    With respect to the allegations contained in paragraph 134 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

135.    With respect to the allegations contained in paragraph 135 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

136.    With respect to the allegations contained in paragraph 136 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

137.    With respect to the allegations contained in paragraph 137 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

138.    Defendants deny the allegations contained in paragraph 138(a)-(c) of the Complaint.

The $2,500.00 Payment

139.    With respect to the allegations contained in paragraph 139 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

140.    With respect to the allegations contained in paragraph 140 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

141.    With respect to the allegations contained in paragraph 141 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

142.    With respect to the allegations contained in paragraph 142 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

143.    Defendants deny the allegations contained in paragraphs 143(a) and (b) of the Complaint.

The $8,500.00 Payment

144.    With respect to the allegations contained in paragraph 144 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

145.    With respect to the allegations contained in paragraph 145 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

146.    With respect to the allegations contained in paragraph 146 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

147.    With respect to the allegations contained in paragraph 147 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

148.    Defendants deny the allegations contained in paragraphs 148(a) and (b) of the Complaint.

**L.    Payments on the B&A GL that are not on the Hasaki GL**

149.    Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in paragraphs 150(a)-(f) of the Complaint.

**M.    Payments reflected on the Hasaki GL and BCG General Ledger**

151.    With respect to the allegations contained in paragraph 151 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

152.    With respect to the allegations contained in paragraph 152 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

153.   With respect to the allegations contained in paragraph 153 of the Complaint, Defendants state that the Hasaki General Ledger and Bronchick Consulting Group General Ledger speak for themselves, and deny Plaintiff's characterizations of the Hasaki General Ledger and Bronchick Consulting Group General Ledger and all allegations contrary to their content.

154.   Defendants deny the allegations contained in paragraphs 154(a)(i)-(iii) and (b)(i) and (ii) of the Complaint.

155.   Defendants deny the allegations contained in paragraph 155 of the Complaint.

**N.**   **Examples of BDG using Hasaki money for the benefit of William Bronchick**

156.   Defendants deny the allegations contained in paragraph 156 of the Complaint.

157.   Defendants deny the allegations contained in paragraphs 157(a) and (b) of the Complaint.

**O.**   **BCG shareholder distributions after BCG Charging Order**

158.   Defendants deny the allegations contained in paragraph 158 of the Complaint.

159.   Defendants deny the allegations contained in paragraph 159 of the Complaint.

160.   Defendants deny the allegations contained in paragraph 160 of the Complaint.

**P.**   **BCG shareholder contributions by non-shareholders**

Bronchick & Associates, P.C.

161.   Defendants admit the allegations contained in paragraph 161 of the Complaint.

162.   With respect to the allegations contained in paragraph 162 of the Complaint, Defendants state that the Bronchick Consulting Group General Ledger speaks for itself, and deny Plaintiff's characterizations of the Bronchick Consulting Group General Ledger and all allegations contrary to its content.

**Q.** **BCG loans to William Bronchick or Caroline Bronchick**

163.    Defendants deny the allegations contained in paragraphs 163(a)-(h) of the Complaint.

**R.** **Payments between BCG and B&A**

164.    Defendants admit the allegations contained in paragraph 164 of the Complaint.

165.    With respect to the allegations contained in paragraph 165 of the Complaint, Defendants state that the Bronchick Consulting Group General Ledger speaks for itself, and deny Plaintiff's characterizations of the Bronchick Consulting Group General Ledger and all allegations contrary to its content.

166.    With respect to the allegations contained in paragraph 166 of the Complaint, Defendants state that the Bronchick Consulting Group General Ledger speaks for itself, and deny Plaintiff's characterizations of the Bronchick Consulting Group General Ledger and all allegations contrary to its content.

167.    Defendants deny the allegations contained in paragraph 167 of the Complaint.

168.    Defendants deny the allegations contained in paragraph 168 of the Complaint.

169.    With respect to the allegations contained in paragraph 169 of the Complaint, Defendants state that the Bronchick Consulting Group General Ledger and Bronchick & Associates General Ledger speak for themselves, and deny Plaintiff's characterizations of the Bronchick Consulting Group General Ledger and Bronchick & Associates General Ledger and all allegations contrary to their content.

170.    With respect to the allegations contained in paragraph 170 of the Complaint, Defendants state that the Bronchick Consulting Group General Ledger and Bronchick &

Associates General Ledger speak for themselves, and deny Plaintiff's characterizations of the Bronchick Consulting Group General Ledger and Bronchick & Associates General Ledger and all allegations contrary to their content.

171.    With respect to the allegations contained in paragraph 171 of the Complaint, Defendants state that the Bronchick Consulting Group General Ledger and Bronchick & Associates General Ledger speak for themselves, and deny Plaintiff's characterizations of the Bronchick Consulting Group General Ledger and Bronchick & Associates General Ledger and all allegations contrary to their content.

172.    With respect to the allegations contained in paragraph 172 of the Complaint, Defendants admit the Charging Order was served upon Bronchick Consulting Group on October 24, 2018.  Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding when the Charging Order was entered and, as a result, denies the same. Defendants deny the remaining allegations contained in paragraph 172 of the Complaint.

**S.    Other inaccuracies with the General Ledgers**

173.    With respect to the allegations contained in paragraph 173 of the Complaint, Defendants state that the General Ledgers speak for themselves, and deny Plaintiff's characterizations of the General Ledger and all allegations contrary to their content.

174.    With respect to the allegations contained in paragraph 174 of the Complaint, Defendants state that the General Ledgers speak for themselves, and deny Plaintiff's characterizations of the General Ledger and all allegations contrary to their content.

175.     With respect to the allegations contained in paragraph 175 of the Complaint, Defendants state that the General Ledgers speak for themselves, and deny Plaintiff's characterizations of the General Ledger and all allegations contrary to their content.

176.     With respect to the allegations contained in paragraph 176 of the Complaint, Defendants state that the General Ledgers speak for themselves, and deny Plaintiff's characterizations of the General Ledger and all allegations contrary to their content.  Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 176 of the Complaint quoting alleged deposition testimony and, as a result, deny the same.

177.     With respect to the allegations contained in paragraph 177 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 177 of the Complaint summarizing and quoting alleged deposition testimony and, as a result, deny the same.

178.     With respect to the allegations contained in paragraph 178 of the Complaint, Defendants state that the Hasaki General Ledger speaks for itself, and deny Plaintiff's characterizations of the Hasaki General Ledger and all allegations contrary to its content.

## II.     FIRST CLAIM FOR RELIEF
### Declaratory Judgment Against Hasaki Property Holdings, LLC

179.     Defendants incorporate their responses to the allegations contained in paragraphs 1 through 178 of the Complaint herein.

180.     Paragraph 180 of the Complaint states a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in paragraph 180 of the Complaint.

181.     Defendants deny the allegations contained in paragraph 181 of the Complaint.

182.     Defendants deny the allegations contained in paragraph 182 of the Complaint.

183.     Defendants deny the allegations contained in paragraph 183 of the Complaint.

184.     Defendants deny the allegations contained in paragraph 184 of the Complaint.

185.     Defendants deny the allegations contained in paragraph 185 of the Complaint.

186.     Defendants deny the allegations contained in paragraph 186 of the Complaint.

187.     Defendants deny the allegations contained in paragraph 187 of the Complaint.

188.     Defendants deny the allegations contained in paragraph 188 of the Complaint.

189.     Defendants deny the allegations contained in paragraph 189 of the Complaint.

190.     Defendants deny the allegations contained in paragraph 190 of the Complaint.

191.     Defendants deny the allegations contained in paragraph 191 of the Complaint.

192.     Defendants deny the allegations contained in paragraph 192 of the Complaint.

193.     With respect to the allegations contained in paragraph 193(a)-(c) of the Complaint, Defendants deny that Plaintiff is entitled to the relief it seeks.

### III.     SECOND CLAIM FOR RELIEF
### Declaratory Judgment—Bronchick Consulting Group LLC

194.     Defendants incorporate their responses to the allegations contained in paragraphs 1 through 193 of the Complaint herein.

195.     Paragraph 195 of the Complaint states a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in paragraph 195 of the Complaint.

196.     Defendants deny the allegations contained in paragraph 196 of the Complaint

197.     Defendants deny the allegations contained in paragraph 197 of the Complaint

198.     Defendants deny the allegations contained in paragraph 198 of the Complaint

199.     Defendants deny the allegations contained in paragraph 199 of the Complaint

200.     Defendants deny the allegations contained in paragraph 200 of the Complaint

201.     Defendants deny the allegations contained in paragraph 201 of the Complaint

202.     Defendants deny the allegations contained in paragraph 202 of the Complaint

203.     Defendants deny the allegations contained in paragraph 203 of the Complaint

204.     Defendants deny the allegations contained in paragraph 204 of the Complaint

205.     Defendants deny the allegations contained in paragraph 205 of the Complaint

206.     Defendants deny the allegations contained in paragraph 206 of the Complaint

207.     Defendants deny the allegations contained in paragraph 207 of the Complaint

208.     With respect to the allegations contained in paragraph 208(a)-(c) of the Complaint, Defendants deny that Plaintiff is entitled to the relief it seeks.

### IV.     THIRD CLAIM FOR RELIEF
**Declaratory Judgment—Bronchick & Associates, P.C.**

209.     Defendants incorporate their responses to the allegations contained in paragraphs 1 through 208 of the Complaint herein.

210.    Paragraph 210 of the Complaint states a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in paragraph 210 of the Complaint.

211.    Defendants deny the allegations contained in paragraph 211 of the Complaint

212.    Defendants deny the allegations contained in paragraph 212 of the Complaint

213.    Defendants deny the allegations contained in paragraph 213 of the Complaint

214.    Defendants deny the allegations contained in paragraph 214 of the Complaint

215.    Defendants deny the allegations contained in paragraph 215 of the Complaint

216.    Defendants deny the allegations contained in paragraph 216 of the Complaint

217.    Defendants deny the allegations contained in paragraph 217 of the Complaint

218.    Defendants deny the allegations contained in paragraph 218 of the Complaint

219.    Defendants deny the allegations contained in paragraph 219 of the Complaint

220.    Defendants deny the allegations contained in paragraph 220 of the Complaint

221.    Defendants deny the allegations contained in paragraph 221 of the Complaint

222.    Defendants deny the allegations contained in paragraph 222 of the Complaint

223.    With respect to the allegations contained in paragraph 223(a)-(c) of the Complaint, Defendants deny that Plaintiff is entitled to the relief it seeks.

## V.    FOURTH CLAIM FOR RELIEF
### Equitable Lien Against Hasaki Property Holdings, LLC, Bronchick Consulting Group LLC, and Bronchick & Associates, P.C.

224.    Defendants incorporate their responses to the allegations contained in paragraphs 1 through 223 of the Complaint herein.

225.    Paragraph 225 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 225 of the Complaint.

226.    Paragraph 226 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 226 of the Complaint.

227.    Defendants deny the allegations contained in paragraph 227 of the Complaint.

228.    Defendants deny the allegations contained in paragraph 228 of the Complaint.

229.    Defendants deny the allegations contained in paragraph 229 of the Complaint.

### VI.    FIFTH CLAIM FOR RELIEF
**Civil Conspiracy Against William Bronchick and Caroline Bronchick**

230.    Defendants incorporate their responses to the allegations contained in paragraphs 1 through 229 of the Complaint herein.

231.    Defendants deny the allegations contained in paragraph 231 of the Complaint.

232.    Defendants deny the allegations contained in paragraph 232 of the Complaint.

233.    Defendants deny the allegations contained in paragraph 233 of the Complaint.

234.    Defendants deny the allegations contained in paragraph 234 of the Complaint.

235.    Defendants deny the allegations contained in paragraph 235 of the Complaint.

236.    Defendants deny the allegations contained in paragraph 236 of the Complaint.

237.    Defendants deny the allegations contained in paragraph 237 of the Complaint.

238.    Defendants deny the allegations contained in paragraph 238 of the Complaint.

239.    Defendants deny the allegations contained in paragraph 239 of the Complaint.

240.    Defendants deny the allegations contained in paragraph 240 of the Complaint.

241.    Defendants deny the allegations contained in paragraph 241 of the Complaint.

242.    Defendants deny the allegations contained in paragraph 242 of the Complaint.

243.    Defendants deny the allegations contained in paragraph 243 of the Complaint.

244.    With respect to the allegations contained in paragraph 244(A)(1)-(2), (B)(1)-(2), (C)(1)-(2), (D), (E) and (F) of the Complaint, Defendants deny that Plaintiff is entitled to the relief it seeks.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fail to state claims upon which relief may be granted.

2.      Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

3.      Plaintiff's claims are barred by the doctrine of unclean hands.

4.      Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

5.      Plaintiff's claims are barred by the statute of limitations.

6.      Plaintiff's claims are barred by principles of equity.

7.      Plaintiff's claim against Defendant Caroline Bronchick is frivolous and groundless.

8.      To the extent that discovery, the parties' continuing investigations, and/or trial preparation reveal the existence of any other affirmative defenses, Defendants reserve their right to assert such additional affirmative defenses.

Respectfully submitted this 4th day of November, 2020.

S&D LAW

_s/ Angela D. DeVine_
Angela D. DeVine
Michael L. Schlepp
1290 Broadway, Suite 1650
Denver, CO 80203
devinea@s-d.com
schleppm@s-d.com

Attorneys for William Bronchick, Caroline
Bronchick, Bronchick & Associates, P.C. and
Hasaki Property Holdings, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2020, a true and correct copy of the foregoing **ANSWER** was served electronically through the CM/ECF system to the following parties:

Scott Gelman
Gelman & Norberg, LLC
Attorneys for Plaintiff
8480 E. Orchard Road, Suite 5000
Greenwood Village, CO 80202
303-740-8494
sgelman@gelmannorberg.com

_s/Chris Allen_