IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02722-RMR-KLM

BOXER F2, LP, a Texas limited partnership,

    Plaintiff,

v.

WILLIAM BRONCHICK, individually,
CAROLINE BRONCHICK, individually,
BRONCHICK & ASSOCIATES PC, a Colorado professional corporation,
BRONCHICK CONSULTING GROUP, LLC, a Colorado limited liability company, and
HASAKI PROPERTY HOLDINGS, LLC, a Delaware limited liability company,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant Caroline Bronchick's ("C. Bronchick") **Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12(c)** [#49] (the "Motion"). Plaintiff filed a Response [#51] in opposition to the Motion [#24], and Defendant C. Bronchick filed a Reply [#52]. The Motion [#49] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1. *See* [#50]. The Court has reviewed the Motion [#49], the Response [#51], the Reply [#52], the entire case file and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#49] be **DENIED**.

    In the present Motion [#49], Defendant C. Bronchick seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *Motion* [#24] at 3. Fed. R. Civ. P. 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party

may move for judgment on the pleadings." "Judgment on the pleadings should not be granted 'unless the moving party clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citation omitted). A motion for a judgment on the pleadings "only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1367 (3d ed. 2022). A motion for judgment on the pleadings made pursuant to Fed. R. Civ. P. 12(c) is reviewed under the same legal standard as a motion to dismiss for failure to state a claim made pursuant to Fed. R. Civ. P. 12(b)(6). *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992).

Plaintiff first argues that the Motion [#49] should be denied as untimely. *Response* [#51] at 1-4. Defendant C. Bronchick's argument in her Reply essentially comes down to the proposition that a Rule 12(c) motion may be filed *at any time* (after the pleadings are closed) so long as it does not delay trial. *Reply* [#52] at 2-7. For the reasons that follow, the Court finds that a Rule 12(c) motion is a dispositive motion which must comply with the applicable Rule 16(b) deadline, which may only be modified for good cause.

A "dispositive motion" is defined as "[a] motion for a trial-court order to decide a claim or case in favor of the movant without further proceedings; specif., a motion that, if granted, results in judgment on the case as a whole, as with a motion for summary judgment or a motion to dismiss." Black's Law Dictionary (11th ed. 2019). A motion filed under Rule 12(c), by its very nature, seeks judgment on the claim(s) asserted by the plaintiff, such that no further proceedings on those claims would be necessary. Thus, a

Rule 12(c) motion is a dispositive motion and squarely fits within the definition of those motions which must be filed by the dispositive motions deadline.

The Court is unconvinced by the legal authority cited by Defendant C. Bronchick that the present Motion [#49] is timely despite its filing after the dispositive motions deadline. Defendant C. Bronchick first cites D.C.COLO.LCivR 72.3(a), which provides:

> A full-time magistrate judge is designated specially to make final determination of a dispositive motion with the unanimous consent of the parties and approval of the assigned district judge. Dispositive motions include motions to amend, to dismiss, for transfer or for change of venue, to remand, for summary judgment, and for partial summary judgment.

*Response* [#52] at 2. The Court is not persuaded that motions *not* listed here are not considered dispositive, given that the list clearly provides *examples* of dispositive motions and is not exhaustive.

Next, Defendant C. Bronchick cites *Martinez v. Allstate Insurance Company*, No. 20-cv-00659-DDD-NRN, 2021 WL 326583, at *2 (D. Colo. Jan. 15, 2021), which held: "[T]he pleadings were closed when [the defendant] filed the subject [Rule 12(c)] motion on September 1, 2020. No trial has been set. Accordingly, the Court finds the motion was timely filed." *Response* [#52] at 3. However, in that case, the plaintiff's argument was that the defendant should have filed the Rule 12(c) motion within twenty-one days of when the defendant was served with the summons and operative complaint. *Martinez*, 2021 WL 326582, at *2. The Rule 12(c) motion was filed on September 1, 2020, and the dispositive motions deadline in the case was April 5, 2021. Thus, the *Martinez* court did not address whether a Rule 12(c) motion must be filed by the dispositive motion deadline.

Next, Defendant C. Bronchick cites *Glasco v. Sitzman*, No. 2015CV30732, 2017 WL 3328449, at *2 (Colo. Dist. Ct. Mar. 24, 2017), and *Garcia v. Northglenn Heating &*

*Air Conditioning*, No. 2018CV76, 2019 Colo. Dist. LEXIS 1720, at *8-9 (Colo. Dist. Ct. Aug. 11, 2019), both of which are state court cases in which the plaintiffs argued that the defendants' Colo. R. Civ. P. 12(c) motions were untimely when filed shortly before trial. The courts there permitted the motions and adjudicated them on the merits, but neither case addressed whether a Rule 12(c) motion is a dispositive motion or whether a Rule 12(c) motion may be filed after the dispositive motions deadline, which was not mentioned in either case.

In *Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995), the Seventh Circuit Court of Appeals acknowledged the tension between a Rule 16(b) dispositive motion deadline and the provision that a Rule 12(c) motion may be filed after the pleadings are closed "but early enough not to delay trial." The Seventh Circuit ultimately held that "a Rule 12(c) motion may be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 16(b) *and* if it will not delay trial." *Riggins*, 279 F.3d at 427-28 (emphasis in original). The Circuit based this ruling in large part on the fact that "Rule 12(c) does not restrict the court's discretion under Rule 16(b)." *Id.* at 427. Other courts within the Tenth Circuit Court of Appeals have referenced and utilized *Riggins* in determining how to address a Rule 12(c) motion filed after the dispositive motions deadline. *See, e.g.*, *Am. Auto. Ins. Co. v. First Mercury Ins. Co.*, No. 13:CV-439 MCA/LF, at *2-3 (D.N.M. July 17, 2017); *Hughes v. Z, Inc.*, No. CIV.04-980-C, 2006 WL 290576, at *1-2 (W.D. Okla. Feb. 6, 2006). Here, the undersigned also concludes that this rule makes good sense and therefore finds that a Rule 12(c) motion may be filed after the dispositive motions deadline if the good cause standard of Rule 16(b) is met.

Good cause under Rule 16(b) is established by a showing that "the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 688 (D. Colo. 2001)). To prove diligence, the movant must provide an adequate explanation for any delay. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Here, Defendant C. Bronchick argues that there is good cause for the Court to resolve her Rule 12(c) motion on the merits because:

> [T]he Motion is meritorious and will serve to narrow the issues and named parties at trial whenever it ultimately occurs. Additionally, a motion for summary judgment filed by the Defendants' shared counsel had been pending for approximately nine months before the Court since the dispositive motion deadline. While that motion sought entry of summary judgment based upon a purported lack of evidence, resolution of that motion in favor of [Defendant C. Bronchick] would nevertheless have rendered the instant motion superfluous.

*Reply* [#52] at 6.

Under the circumstances of this case, the Court is not convinced that Defendant C. Bronchick has shown the requisite good cause. The Complaint [#1] was filed on September 8, 2020. She filed an Answer [#11] on November 4, 2020. The dispositive motions deadline was July 31, 2021. *See Minutes* [#21]. Thus, because a Rule 12(c) motion cannot be filed until after the pleadings are closed, and because, as found above, a Rule 12(c) motion is a dispositive motion subject to the dispositive motions deadline, Defendant C. Bronchick had almost nine months in which she could have timely filed the present Motion [#49] but chose not to do so. Instead, the present Motion [#49] was filed on June 21, 2022, nearly eleven months after the dispositive motion deadline. Defendant C. Bronchick's argument essentially boils down to legal strategy, but in light of the relevant

legal authority, the Court cannot find that this alone constitutes good cause for the belated filing, even if, should the Motion [#49] have been granted, issues and/or parties at trial would be narrowed. Moreover, Defendant C. Bronchick offers no explanation for why she could not have filed the motion by the dispositive motions deadline. *See, e.g.*, *Riggins*, 279 F.3d at 427-28 (affirming the denial of a Rule 12(c) motion filed twenty months after the dispositive motion deadline because the defendant had "failed to offer any reason why he could not have filed his motion before the deadline").

Accordingly, the Court **recommends** that the Motion [#49] be **denied** as untimely.

## IV.  Conclusion

Based on the foregoing reasons,

The Court respectfully **RECOMMENDS** that the Motion [#49] be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

- 7 -

Dated: October 27, 2022

                                                 BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix  
United States Magistrate Judge